IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Civil Action No. _____

JOSEPH ROYBAL

    Plaintiff,

v.

DARDEN RESTAURANTS, INC., and
DARDEN CONCEPTS, INC.,

    Defendants.

## NOTICE OF REMOVAL

Defendants Darden Restaurants, Inc., Darden Concepts, Inc., and GMRI, Inc. (collectively "Defendants"), by and through counsel, Hall & Evans LLC, and pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1446, submit this notice of removal based on diversity jurisdiction for the purposes of removing the above-entitled action from the First Judicial District Court, Santa Fe County, to the United States District Court for the District of New Mexico on the basis of diversity jurisdiction. In support of this removal, Defendants state as follows:

1.    On August 4, 2021, Plaintiffs filed the instant civil action in the First Judicial District Court, County of Santa Fe, State of New Mexico, Case No. D-101-CV-2021-01717. Exhibit A, Complaint for Damages ("Complaint"), p. 1. On August 21, 2021, Plaintiff amended his complaint to name GMRI, Inc. as an additional defendant. Exhibit B, First Amended Complaint for Damages, p. 1. This Notice of Removal is timely filed with 30 days of service of process upon Defendant Darden Restaurants, Inc. and Darden Concepts, Inc. *See* 28 U.S.C. § 1446(b), Fed.R.Civ.P. 26(a)(1)(C); *see also* Exhibits C and D, returns of service (setting forth date

of service for Defendants Darden Restaurants, Inc. and Darden Concepts, Inc. as October 1, 2021. To the best of Defendants' knowledge, none of them have been served with the amended complaint.[1]

2.This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where: (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest. *Calloway v. Bank of America Corp.*, 646 F. Appx. 578, 580 (10th Cir. 2016).

**Diversity of Citizenship Exists Between Properly Joined Parties**

3.Plaintiff is a citizen of New Mexico. *See* Exhibit B, ¶ 1.

4.Defendant Darden Restaurants, Inc. is a Florida corporation with its principal place of business in Florida. Exhibit E, Florida Profit Corporation Annual Report. For purposes of diversity jurisdiction, Darden Restaurants, Inc. is a citizen of Florida. *See* 28 U.S.C. § 1332(c)(1).

5.Defendant Darden Concepts, Inc. is a Florida corporation with its principal place of business in Florida. Exhibit F, Florida Profit Corporation Annual Report. For purposes of diversity jurisdiction, Darden Concepts, Inc. is a citizen of Florida. See 28 U.S.C. § 1332(c)(1).

6.Defendant GMRI, Inc. is a Florida corporation with its principal place of business in Florida. Exhibit G, Florida Profit Corporation Annual Report. For purposes of diversity jurisdiction, GMRI, Inc. is a citizen of Florida. See 28 U.S.C. § 1332(c)(1).

---

[1] It is possible that Plaintiff may have served the amended complaint upon Defendants' respective agents for service of process, and the agent has not yet notified Defendants of the service. Defendant GMRI, Inc. is a movant, and/or consents to removal.

**The Amount in Controversy Exceeds $75,000.**

7.      Plaintiff alleges that he suffered injury when eating at a restaurant that he contends was operated by Defendants.  He contends that he bit a hard object, cracking four teeth.  Exhibit B, ¶¶ 5-10.

8.      Plaintiff alleges that the four teeth required extractions, and either crowns or dental implants.  Exhibit B, ¶ 11.

9.      Plaintiff alleges that his injuries are "severe and permanent."  Exhibit B, ¶ 12.

10.     Plaintiff alleges that Defendants were "reckless[]" and "gross[ly] negligence" in, *inter alia*, preparing his food, cooking his food, handling his food, cleaning his food, failing to maintain and use proper facilities, and failing to properly instruct their employees. Exhibit B, ¶ 13.

11.     Plaintiff alleges Defendants failed to comply with ordinances, regulations, laws, and statutes concerning the acquisition, maintenance and handling of foods.  Exhibit B, ¶ 13.

12.      Plaintiff alleges that he suffered "extreme conscious pain and suffering."  Exhibit B, ¶ 14.

13.     Plaintiff alleges that Defendants' acts were willful, wanton, reckless, malicious, and intentional, thereby entitling Plaintiff to an award of punitive damages.  Exhibit B, ¶¶ 20, 26.

14.     Plaintiffs seek to recover damages for physical pain, mental anguish, physical impairment, medical expenses, loss of household services, and loss of enjoyment of life, all in the past and future.  Exhibit B, ¶ 29.

15.      Plaintiff demands from Defendants $80,000.00 to settle his claims.  Exhibit H, Demand Letter.

16. It appears the amount in controversy exceeds $75,000.00, and thus satisfies the jurisdictional requirement set forth in 28 U.S.C. § 1332, due to the (1) the alleged severe and permanent injuries and impairment requiring future medical care, (2) the alleged conduct of Defendants, including allegations of willful, malicious, and intentional violations of statutes and improper acquisition of food products served to Plaintiff and the general public, and (3) Plaintiff's settlement demand in excess of the minimum amount in controversy for diversity jurisdiction. "The amount in controversy is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the petition for removal." *See Lonnquist v. J. C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970). "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert amount in controversy"). "[A] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount. This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." *McPhail*, 529 F.3d 947, 955 (10th Cir. 2008). "A complaint that presents a combination of facts and theories of recovery may support a claim in excess of $75,0000 can support removal." (*Id.* at 955), and "[a] recovery on its face may be sufficient by itself to support removal." *Id.* at 957. Further, The United States Court of Appeals for the Tenth Circuit has held:

> [T]he removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done--by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] **by reference to the plaintiff's informal estimates or settlement demands**[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. The list is not exclusive . . .

*McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008)(emphasis added).

17. Based on the foregoing, this action is properly removable pursuant to 28 U.S.C. § 1441(a), because it is a suit over which the United States District Court for the District of New Mexico would have original diversity jurisdiction pursuant to 28 U.S.C. § 1332.

18. Venue is proper before United States District Court for the District of New Mexico because it is the District Court for the district within which the action is pending in accordance with 28 U.S.C. §1446(a).

19. Defendant will serve and certify service of copies of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d).

20. Defendant will file a copy of this Notice of Removal with the Clerk of the First Judicial District, County of Santa Fe, State of New Mexico pursuant to 28 U.S.C. § 1446(d). *See* copy of state court Notice of Filing of Notice of Removal attached as Exhibit I.

21. Defendant hereby certifies that a trial in this matter has not been set, nor has a scheduling order been issued.

22. In accordance with D.N.M.LR-Civ 81.1 and 28 U.S.C. § 1446(a), attached hereto as Exhibit J is a copy of the state court action docket sheet together with all a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

23. Plaintiff has not demanded a trial by jury. Defendants demand a trial by jury.

24. Defendant complied with all of the requirements of 28 U.S.C. § 1446.

25. All grounds for removal from State District Court have been met, and Defendant so certifies pursuant to Rule 11 of the Federal Rules of Civil Procedure.

26. Defendant reserves the right to amend or supplement this Notice of Removal.

27. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and requests oral argument in support of removal.

WHEREFORE, for the foregoing reasons, Defendants seek the following relief: (1) removal of the State Court Action to the United States District Court for the District of New Mexico; (2) that this Court assume jurisdiction over the case; and (3) that this Court enter any and all such further orders as may be necessary and proper for the continuation of this action.

Respectfully submitted this 29th day of October, 2021.

Respectfully submitted,

HALL & EVANS, LLC

By: /s/ *Steven L. Gonzales*
Steven L. Gonzales
Hall & Evans, LLC
2200 Brothers Road
Santa Fe, NM 87505
Tel: 505-303-4592
Cell: 505-417-3898
gonzaless@hallevans.com
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served this 29th day of October, 2021 via electronic mail upon the following email addresses:

brian@gaddyfirm.com
Brian Gaddy, Esq.
***Attorneys for Plaintiff***

/s/ *Steven L. Gonzales*