FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
8/4/2021 2:38 PM
KATHLEEN VIGIL CLERK OF THE COURT
Alex Gallegos

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

JOSEPH ROYBAL,

        Plaintiff,

vs.

DARDEN RESTAURANTS, INC. and
DARDEN CONCEPTS, INC.,

        Defendants.

Case assigned to Ellenwood, Kathleen McGarry

NO. D-101-CV-2021-01717

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Joseph Roybal, by and through his attorney of record, Gaddy Law Firm, and for his complaint for damages states as follows:

1. Mr. Roybal is a resident of Santa Fe County, New Mexico.

2. Upon information and belief, Darden Restaurants, Inc. is a foreign corporation not licensed to do business in the state of New Mexico. Upon information and belief, Darden Concepts, Inc., is a foreign corporation licensed to do business in the state of New Mexico. Defendants own and operate a restaurant known as the Olive Garden, which is located at 3781 Cerrillos Road, Santa Fe, New Mexico. Defendants' registered agent is Corporation Creations Network, Inc. 400 N. Pennsylvania, Ave., #600, Roswell, New Mexico 88201.

3. Jurisdiction and venue are proper in the District Court of Santa Fe, New Mexico, pursuant to NMSA Sect. 38-3-1 (1978).

## FACTUAL AND PROCEDURAL BACKGROUND

4. Plaintiff re-alleges in full each of the allegations of the forgoing paragraphs as if fully set forth herein.

EXHIBIT A

5. At all times material to this lawsuit, Defendants owned, operated and were doing business as a restaurant named "Olive Garden" located at 3781 Cerrillos Road, Santa Fe, New Mexico ("Olive Garden").

6. On or about August 4, 2018, Defendants were in the business of purchasing, preparing, and cooking foods for sale to the general public.

7. At all relevant times, Defendants owned, controlled, managed and operated Olive Garden. The general public was invited for the purpose of obtaining food for general consumption for compensation to be paid to the Restaurant.

8. On August 4, 2018, Mr. Roybal ordered, purchased, and consumed food prepared and sold by the Olive Garden, which was delivered to Mr. Roybal by Defendants' wait staff.

9. Unbeknownst to Mr. Roybal, there was a hard foreign object in the food.

10. On August 4, 2018, and subsequently thereafter, while eating and ingesting the food purchased from and formulated, made, inspected and delivered by Defendants, Mr. Roybal bit down on the hard foreign object and cracked four teeth.

11. As a result of eating the meal formulated, made, inspected, and delivered by Defendants, Mr. Roybal suffered four cracked teeth requiring either an extraction and an implant or a crown.

12. As a result of ingesting the food formulated, made, inspected and delivered by Defendants on August 4, 2018, Mr. Roybal sustained severe and permanent personal injuries, requiring the extraction of at least one tooth and replacement of the tooth with an implant and the crowning of three more teeth.

13. The injuries sustained by Mr. Roybal were caused solely by the recklessness, gross negligence, negligence and carelessness of Defendants in formulating, making, inspecting and

70

delivering food and meals; purchasing and ordering food; storing, packing refrigeration and maintaining of its food; inspection, use, preparation, cleaning and cooking of its food; failing to provide, maintain and use proper facilities and procedures at the Olive Garden for the packaging, refrigeration, maintenance and preparation of its food; failing to provide instruction to employees concerning the handling, cleaning and preparing of food; failing to instruct employees in the storing, maintenance, and preparation of food; failing to properly prepare, inspect, and cook the food; and failing to comply with ordinances, rules, regulations, laws, statutes concerning the acquisition, maintenance, sale and handling of foods.

14. As a result of the recklessness, gross negligence, negligence and carelessness of Defendants, Plaintiff was seriously injured, suffered extreme conscious pain and suffering, eventually leading to the replacement of one tooth and the crowning of three others.

15. By reason of the above, Mr. Roybal has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this action.

## NEGLIGENCE

16. Plaintiff re-alleges in full each of the allegations of the forgoing paragraphs as if fully set forth herein.

17. Defendant owed a duty of reasonable and ordinary care to serve safe Food to its patrons.

18. Defendants' failure to perform that duty constituted a breach of that duty.

19. As a direct and proximate result of the defendant's actions, Mr. Roybal has been harmed and is entitled to damages in an amount to be proven at trial.

20. The acts of Defendants alleged herein or willful, wanted, reckless and intentional, thereby entitling Plaintiff to an award of punitive damages.

## PRODUCT LIABILITY

21. Plaintiff re-alleges in full each of the allegations of the forgoing paragraphs as if fully set forth herein.

22. Defendants owed a duty of ordinary care to avoid a foreseeable risk of injury caused by a condition of the product or the manner in which it was used.

23. Defendants' failure to perform that duty constituted a breach of that duty.

24. As a direct and proximate result of Defendants' actions or failure to act, Mr. Roybal has been harmed and is entitled to damages in an amount to be proven at trial.

## PUNITIVE DAMAGES

25. Plaintiff re-alleges in full each of the allegations of the forgoing paragraphs as if fully set forth herein.

26. Defendants acted in a willful, malicious, wanton, or reckless manner.

27. As a direct and proximate cause of Defendants' reckless actions, Mr. Roybal suffered physical injuries.

## DAMAGES

28. Plaintiff re-alleges in full each of the allegations of the forgoing paragraphs as if fully set forth herein.

29. As a direct and proximate result of Defendants' actions or omissions, Mr. Roybal suffered the following injuries and damages:

    a. Physical pain and mental anguish in the past and future

    b. Physical impairment in the past and future.

    c. Medical expenses in the past and future.

    d. Loss of household services in the past and future.

72

e.  Loss of enjoyment of life in the past and future.

Respectfully submitted,

GADDY LAW FIRM

*/s/ Brian Gaddy*

4420 Prospect Ave. NE
Albuquerque, New Mexico 87110
P: 505-889-9090
F: 505-273-7943
*Attorney for the Plaintiff*