IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH ROYBAL,

    Plaintiff,

vs.                                                             Civ. No. 21-1046 DHU/JFR

DARDEN RESTAURANTS, INC.,
DARDEN CONCEPTS, INC., and
GMRI, INC., *doing business as*
OLIVE GARDEN,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This Matter comes before the Court on Plaintiff Joseph Roybal's Motion to Remand this lawsuit to the First Judicial District Court in Santa Fe, New Mexico. (Doc. 7). Defendants Darden Restaurants, Inc., and Darden Concepts, Inc., filed a Response in opposition (Doc. 10), to which Plaintiff replied (Doc. 17). This Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that Plaintiff's Motion to Remand will be **GRANTED**, and Plaintiff's request for attorney's fees will be **DENIED.**

**BACKGROUND**

On August 8, 2021, Plaintiff Joseph Roybal originally filed this action in state court against Defendants Darden Restaurants, Inc., and Darden Concepts, Inc. (Doc. 1-3). Plaintiff later amended his complaint naming GMRI, Inc., as the sole Defendant (Doc. 21).[1] Plaintiff's claims arise from a personal injury suffered while eating at an establishment owned and operated by Defendants in Santa Fe, New Mexico. (*Id.*). Plaintiff's injuries included four cracked teeth, each

---

[1] The Court will refer to Defendants Darden Restaurants, Inc., Darden Concepts, Inc., and GMRI, Inc., collectively as "Defendants."

1

potentially requiring medical treatment. Plaintiff asserts claims for negligence and product liability and seeks to recover damages caused by Defendants' negligence. (*Id.*). Plaintiff additionally seeks punitive damages as a result of Defendants' alleged willful, malicious, wanton, or reckless conduct. (*Id.*). The complaint itself does not refer to any monetary amounts.

On October 29, 2021, Defendants removed this action to this Court, asserting that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000.[2] (Doc. 1).  Defendants rely on, among other things, Plaintiff's pre-suit demand letter seeking $80,000, and potential future medical costs to demonstrate that the amount in controversy exceeds the jurisdictional threshold. (Doc. 1-9). Plaintiff, on the other hand, argues that the amount in controversy does not exceed $75,000 exclusive of interests and costs. Plaintiff suggests that his demand letter was not a reasonable estimate of the amount in controversy, but rather a starting point for negotiations between the parties.  (Doc. 7, at 2). Plaintiff seeks costs, expenses, and attorney's fees, claiming that removal of this case to federal court was not objectively reasonable. (Doc. 7, at 4).

## LEGAL STANDARD REGARDING REMOVAL

Federal courts are courts of limited jurisdiction. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). Federal jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and in cases falling within the diversity jurisdiction statute, 28 U.S.C. § 1332.  Federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties and (ii) that the matter in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).

---

[2] The parties do not dispute that the parties are of diverse citizenship, which leaves the question of diversity jurisdiction entirely focused on the amount in controversy.

A defendant may remove a case to federal court in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. However, there is a presumption against removal jurisdiction which the defendant seeking removal must overcome. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Removal statutes are to be strictly construed, with all doubts resolved against removal, *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331 (10th Cir. 1982), and it is the removing defendant's burden to show that the diversity jurisdiction requirements are met. *See Montano v. Allstate Indemnity,* No. 99-2225, 2000 WL 525592 at **1-2 (10th Cir. 2000) (unpublished). When a federal court examines whether removal jurisdiction exists, "all doubts are to be resolved against removal." *Fajen*, 683 F.2d at 333.

## DISCUSSION

### I. The Court Does Not Have Diversity Jurisdiction in This Case Because the Defendants Have Not Shown, by a Preponderance of the Evidence, That the Matter in Controversy Exceeds $75,000.

Defendants assert that the Court has diversity jurisdiction over this matter because the case involves citizens of different states and the matter in controversy could possibly exceed $75,000, exclusive of interest and costs. (Doc. 10). Defendants base their argument regarding the amount in controversy on Plaintiff's pre-suit demand letter seeking $80,000, as well as suggested monetary figures proffered by the Defendants which, when multiplied, potentially exceed jurisdictional requirements. (Doc. 10, at 3-5).

#### a. The effect of Plaintiff's pre-suit demand

Generally, when evaluating removal based on diversity jurisdiction, the amount in controversy may be ascertained from the allegations in the complaint, or "when they are not dispositive, by the allegations in the notice of removal." *Laughlin*, 50 F.3d at 873. Where a state court complaint does not identify a specific amount that the plaintiff seeks to recover, the burden

3

is on the defendant seeking removal to prove jurisdictional facts by a preponderance of the evidence such that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008); *Varela v. Wal-Mart Stores, E., Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (holding that Defendants who seek removal must establish sufficient facts demonstrating that the plaintiff stands to recover in excess of $75,000). Defendants may do this in a number of ways:

> [B]y contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*McPhail*, 529 F.3d at 954 (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)).

Where, as here, a state court complaint does not "identify a specific amount that the plaintiff seeks to recover, the burden is on the Defendant seeking removal to demonstrate that this jurisdictional prerequisite is satisfied by affirmatively establishing in the petition that the amount in controversy exceeds the statutory requirement." *McPhail*, 529 F.3d at 955 (internal quotation omitted). Because Plaintiff's complaint is silent on its face as to monetary damages, Defendants must show the amount in controversy through other means. Here, the Defendants point to the Plaintiff's proposed settlement amount to demonstrate the amount in controversy. However, a plaintiff's proposed settlement amount is only relevant evidence of the amount in controversy if it, "appears to reflect a reasonable estimate of the plaintiff's claim." *Id.* at 956.[3] In this case, as explained further below, the Court is unpersuaded that demand letter reflects a "reasonable

---

[3] This Court has previously recognized that pre-suit demand letters do not automatically establish the amount in controversy, and that a plaintiff's "initial settlement offers are generally inflated, not deflated." *Varela*, 86 F. Supp. 2d at 1112.

4

estimate of the Plaintiff's claim." *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1202 (D.N.M. 2012).

### b. The parties calculated estimates of the amount in controversy.

For their arguments concerning the amount in controversy, both the Plaintiff and Defendants rely on a formula set forth in *Aranda* to support their claims. In *Aranda*, this Court noted that, "[i]t is common in personal injury cases to settle on the basis of three times the medical expenses" and, where the plaintiff seeks punitive damages, to add an additional amount by a one-to-one ratio. *Aranda*, 884 F. Supp. 2d at 1207. Although both the Plaintiff and Defendants use the *Aranda* calculation to argue the amount in controversy, the parties' initial monetary figures relating to medical costs differ significantly, and thus lead to opposite conclusions.

In support of their calculation, for instance, Defendants submit material, apparently downloaded from the internet, which states the potential cost of a dental implant ranges from $500 to $8,000. (Doc. 10, at 5). Defendants then use the higher estimate and aver that if Plaintiff requires three implants, as he alleges, then the "possible" damages he has incurred would be approximately $26,000, including local gross receipts tax. (*Id.*). Tripling those damages under an *Aranda*-type calculation, according to the Defendants, means that the actual amount in controversy is just over $80,000. (*See Id.*). In contrast, Plaintiff submits more persuasive evidence of his actual damages, including the cost of dental work already performed, and an estimate provided by his treating dentist for the remaining costs. (Doc. 17-2) (Aff. of Karen Mooneyhan, DDS). Plaintiff, at the time of Defendants' Notice of Removal, had already repaired one of the four teeth for $1,203.78, leaving three teeth still needing care. Plaintiff submitted an estimate for the cost of repair of the remaining teeth totaling $4,435.42. This estimate, supported by Karen Mooneyhan's, DDS

Affidavit, is for three ceramic/porcelain crowns.[4] Adding the work already performed and the estimated costs of future medical care together, Plaintiff expects to accrue a total of $5,639.20 in medical costs.

The Court is unpersuaded that the materials Defendants submitted provide sufficient evidence to meet Defendants' burden of showing, by a preponderance of the evidence, that the actual amount in controversy exceeds $75,000. Defendants have provided no concrete information as to the actual repairs that Plaintiff requires, or what the cost of those procedures will be for Plaintiff, but instead rely on the highest estimate for Plaintiff's medical expenses taken from a website that is obviously meant to provide very general information not specific to any locality or type of injury or repair. In sum, the evidence presented by Defendants is speculative, at best, while the evidence presented by Plaintiff provides a more grounded and specific calculation as to the damages available to Plaintiff. For these reasons, the Court finds that it lacks diversity jurisdiction over this matter and will remand the case to the state court in which it was filed.

## II. The Court Will Not Award Attorney's Fees Because Defendants had an Objectively Reasonable Basis for Seeking Removal.

The standard for awarding attorney's fees should turn on the reasonableness of the removal. *Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (quotation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (internal quotations and citations omitted).

---

[4] Plaintiff, in his Memorandum in Support, initially claimed the total cost of the remaining crowns could total $4,752.11. Despite the discrepancy between Plaintiff's figures and the Affidavit of Karen Mooneyhan, DDS, the difference has no impact on the analysis because both figures support a conclusion that the amount in controversy is below the jurisdictional threshold.

Here, Defendants made reasonable arguments and cited authority that supported their conclusion that removal was proper. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008); *see also Archuleta v. Taos Living Ctr.*, LLC, 791 F. Supp. 2d 1066, 1082 (D.N.M. 2011) (finding that the plaintiff was not entitled to costs and attorney's fees incurred as a result of the defendant's removal where the defendant made good-faith arguments with supporting authority). Although this Court does not find Plaintiff's demand to be a reasonable estimate of the amount in controversy in this matter, Defendants could have reasonably assumed Plaintiff's demand letter was an honest and accurate evaluation of the monetary value of the case, rendering the amount in controversy above the jurisdictional threshold. Therefore, an award of attorney's fees is not warranted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**, and that Plaintiff's accompanying request for attorney's fees is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the First Judicial District Court, Santa Fe County, State of New Mexico. The Clerk of Court is accordingly directed to remand the instant action back to the First Judicial District Court in Santa Fe County under 28 U.S.C. § 1447(c).

**IT IS SO ORDERED**.

_____
HON. DAVID H. URIAS
UNITED STATES DISTRICT JUDGE

7